IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

TOMAS IRIZARRY CONCEPCION

XXX-XX-4891

Debtor(s)

CASE NO. 05-01282 MCF

Chapter 11

FILED & ENTERED ON 03/10/2011

## OPINION AND ORDER

This proceeding is before the Court upon the movant's urgent motion for reconsideration of order denying stay [Dkt No. 246], this Court's order denying the movant's urgent motion for reconsideration of order denying stay [Dkt. No. 319], the United States Bankruptcy Appellate Panel for the First Circuit's remand of this Court's order [Dkt. No. 368], the movant's memorandum of law addressing Pioneer framework [Dkt. No. 381], and the Debtor's brief in opposition to the movant's memorandum of law addressing Pioneer framework [Dkt. No. 387]. For the reasons set forth below, this Court grants the movant's motion for reconsideration.

## I. FACTUAL BACKGROUND

The Debtor filed its Chapter 11 petition in the midst of litigation between the Debtor and the movant in the Commonwealth of Puerto Rico's Court of First Instance, Superior Court of Mayaguez ("the state action"). When the Debtor filed its bankruptcy petition on February 10, 2005, 11 U.S.C. §

1

362 stayed said litigation.  On February 4, 2009, this Court entered an order confirming the Debtor's plan.   That same day, the movant filed a claim against the estate and a motion requesting reconsideration of this Court's order confirming the plan, arguing that its failure to file its claim within the claims deadline was the result of excusable neglect, and thus should be considered timely under Fed. R. Bankr. P. 9006.  This Court entered an order denying said claim and its corresponding motion as untimely on December 29, 2009.   The movant then appealed to the United States Bankruptcy Appellate Panel for the First Circuit ("BAP"), which vacated and remanded the matter back to this Court to make findings and conclusions with respect to the equitable standards set forth in Pioneer Inv. Serv. Co. v. Brunswick Assoc. L.P., 507 U.S. 380 (1993).  The parties then filed briefs addressing the Pioneer framework, which have been submitted and are under advisement.

### III. LEGAL ANALYSIS AND DISCUSSION

In drafting Fed. R. Bankr. P. 9006, Congress provided no guideposts for determining what sorts of neglect will be considered "excusable." Pioneer, 507 U.S. at 395.  Thus the Supreme Court in Pioneer concluded that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.  These include (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  Id.  Among the factors enumerated in Pioneer, by far the most critical is the asserted reason for the mistake.  Dimmitt v. Ockenfels, 407 F.3d 21, 24 (1st Cir. 2005).  Accordingly, this Court will address that factor first.

The movant claims that the reason it did not file its claim within the deadline established by

2

Fed. R. Bankr. P. 3003(c)(2) was that it did not receive formal notice of the filing of the bankruptcy petition as required by Fed. R. Bankr. P. 1007, and that the Debtor did not disclose the movant as a known creditor pursuant to 11 U.S.C. § 521(A)(1)(a).  The movant maintains that, regardless of a creditor's knowledge of a debtor's reorganization, the creditor has a right to assume that the statutorily required notice will be given before its claim is forever barred.  In re Intaco Puerto Rico, Inc.,

494 F.2d 94, 99 (1st Cir. 1974).  The Debtor responds that the movant had to have known that it filed a bankruptcy petition due to the effect of the automatic stay on the state action, which provided the movant with constructive notice of the Debtor's bankruptcy.  In support of its position, the Debtor cites Vincenty v. San Miguel Sandoval (In Re: San Miguel Sandoval), 327 B.R. 493, 510 (B.A.P. 1st Cir. 2005), which held that a claim remains untimely regardless of a creditor's knowledge of bankruptcy proceedings when the creditor's counsel knew of the proceeding.  The case at hand differs from Vicenty, however, because in that case the creditor's counsel was properly served under the requirements of 11 U.S.C. § 521(1) and Fed. R. Bankr. P. 1007(a).  In the present controversy, not even the attorney for the movant received formal notice of the bankruptcy proceeding.

If this Court allows the movant to file its claim, the Debtor will not be prejudiced because merely allowing a claim to be filed does not determine a claimant's entitlement thereto.  The docket is still active with other creditors disputing and settling claims against the estate. Therefore, allowing the movant's claim to be filed will not significantly delay the administration of this case.  While the movant may have had knowledge of the pendency of the Debtor's bankruptcy, its failure to file a claim within the bar deadline cannot be said to have been in bad faith, since it was entitled to assume

that it would receive the statutorily required notice under <u>Intaco</u> before its claim was forever barred. Thus the equitable factors established by <u>Pioneer</u> suggest that the movant's failure to file its claim within the claims bar deadline was the result of excusable neglect.

Having found that the movant has met the standard for excusable neglect under Fed. R. Bankr. P. 9006 and <u>Pioneer</u>, this Court GRANTS the movant's motion for reconsideration [Dkt No. 246]. Claim number 20-1 will be considered as timely filed.

**SO ORDERED.**

San Juan, Puerto Rico this 10 day of March, 2011.

Brian K. Tester
U.S. Bankruptcy Judge

4