## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

IN RE:

TOMAS IRIZARRY CONCEPCION

Debtor(s)

CASE NO.  05-01282

Chapter   11

FILED & ENTERED ON 6/28/2013

### OPINION AND ORDER

Before this court is Debtor's Objection to Proof of Claim 20-1 [Dkt. No. 429], Creditor's Opposition to Debtor's Objection to Proof of Claim 20-1 [Dkt. No. 434], Debtor's Reply to Creditor's Opposition to Debtor's Objection to Proof of Claim 20-1 [Dkt. No. 449], Debtor's Brief in Compliance with the Court's Order Issued on November 10, 2011 [Dkt. No. 475] Creditor's Brief in Compliance with the Court's Order Issued on November 10, 2011 [Dkt. No. 478], Creditor's Motion Requesting Entry of Order [Dkt. No. 511], and Debtor's Reply to Creditor's Motion Requesting Entry of Order [Dkt. No. 513]. For the reasons set forth below, Debtor's automatic stay is hereby LIFTED as to this litigation to allow state court proceedings to continue.

### I. Factual Background

Debtor filed a voluntary Chapter 11 bankruptcy case on February 10, 2005. On February 4, 2009, the same day the order confirming Debtor's Plan of Reorganization was entered on the docket of the case, Creditor Sucesion Francisco Perea Ferrer filed its Proof of Claim ("POC 20-1"). Shortly after, Debtor alleged that because the POC 20-1 was filed after the deadline, this Court should

disallow such claim. On December 29, 2009, this Court entered an order denying POC 20-1. Upon Creditor's appeal to the Bankruptcy Appellate Panel for the First Circuit ("BAP"), the BAP remanded this Court's order to review the denial of POC 20-1 with the equitable standards set forth in the Supreme Court case <u>Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership</u>, 507 U.S. 380 (1993). Accordingly, on March 9, 2011, this Court determined that POC 20-1 was timely filed under the Fed. R. Bankr. P. 9006 and <u>Pioneer Investment Services Co</u>. Debtor's second opposition to Creditor's POC 20-1 and Creditor's reply to the opposition followed. On July 7, 2011, this Court asked the parties to file a pretrial report. On November 10, 2011, this Court, under Judge Mildred Caban denied Debtor's motion to strike the unauthorized amendment to the POC 20-1 because the claim was converted from a secured to an unsecured claim. At the hearing, Judge Caban also ordered the parties to submit briefs to this Court. On August 24, 2012, Judge Caban recused herself from this instant matter.

**II. Discussion and Analysis**

After reviewing the parties' arguments, and the relevant law, this Court finds that, the question of whether POC 20-1 as amended should be allowed hinges largely on the Puerto Rico law on the existence of Debtor's obligations to the Creditor. This Court notes that the parties' arguments are citing and quoting largely from Puerto Rico case law and code. Additionally, this Court recognizes that there are two pending cases against both the Debtor and Western Radiosonics Incorporated (Case No. I AC1993-0336 and I AC1993-0335) in front of the Puerto Rico Court of First Instance, Superior Court of Mayaguez on the question of whether there was a breach of contract and accordingly whether damages should be rewarded if that breach is to be found. Parties have respectively filed necessary documents and the state court proceedings have been pending for ten

years and much of the discovery has been completed. Therefore, this Court, without delving into the merits of the parties' arguments, believes that cause exists to modify the automatic stay to permit the State Court Actions to proceed. IBM v. Fernstrom Storage and Van Co., 938 F.2d 731, 737 (7th Cir.1991) ("[w]here the stayed non-bankruptcy litigation has reached an advanced stage, courts have shown a willingness to lift the stay to allow the litigation to proceed."); see generally,Crown Heights Jewish Cmty. Council, Inc., v. Fischer (In re Fischer), 202 B.R. 341, 355 (E.D.N.Y.1996); In re Mid–Atl. Handling Sys., L.L.C., 304 B.R. 111, 131 (Bankr.D.N.J.2003); Murray Indus., Inc. v. Aristech Chem. Corp. (In re Murray Indus., Inc.), 121 B.R. 635, 637 (Bankr.M.D.Fla.1990); In re Kaufman, 98 B.R. 214, 215 (Bankr.E.D.Pa.1989); cf. In re Sonnax Indus., 907 F.2d at 1287 (declining to lift stay largely because "the litigation in state court has not progressed even to the discovery stage."); Arnold Dev., Inc., v. Collins (In re Collins), 118 B.R. 35, 38 (Bankr.D.Md.1990)(declining to lift stay when the parties in the state court proceeding had not yet begun discovery).

The *sua sponte* lifting or modifying of the automatic stay authority that this Court draws upon is well settled amongst courts in many of our sister Circuits. See e.g., In re Bellucci, 119 B.R. 763, 779 (Bankr.E.D.Cal. 1990) ("The second sentence of section 105(a) is a rule of construction that, when applied to section 362(d), compels the conclusion that a bankruptcy court can lift the automatic stay *sua sponte*. The revision of the statute in 1986 effectively overruled prior decisions prohibiting a court from acting *sua sponte* when the statute authorized a party in interest to raise an issue."); McDowell v. Stein, 415 B.R. 584 (S.D. Fla. 2009) (A bankruptcy court could lift automatic stay *sua sponte* in order to permit appeals in state-court action against debtor to proceed.).

This Court considers the factors for cause in modifying the automatic stay *sua sponte*. In determining whether the stay should be modified or terminated for cause, courts in the First Circuit

and other Circuits either (1) analyze the twelve factors enumerated by the Second Circuit in Sonnax; or (2) engage in fact-intensive inquiries that appear to be outlining Sonnax factors, aiming to maintain the prepetition status quo ante between the parties. In Re Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2nd Cir.1990); See e.g., C & A, S.E. v. Puerto Rico Solid Waste Mgmt. Auth., 369 B.R. 87, 94-95 (D.P.R. 2007); In re Burger Boys, Inc., 183 B.R. 682, 688 (S.D.N.Y. 1994); In re Bison Res., Inc., 230 B.R. 611, 613 (Bankr.N.D.Okla.1999); In re Odd's–N'End's, Inc., 171 B.R. 10, 11 (Bankr.W.D.N.Y.1994). However, some courts utilize a hybrid approach, combining these two above methods of analysis. See, e.g., In re Brown, 311 B.R. 409, 412–13 ("[a] court may consider the policies reflected in the bankruptcy code, and the interests of the debtor, other creditors and any other interested parties[in applying the Sonnax factors]") (internal citations omitted). Regardless, the Sonnax factor consists of the following: (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms. Sonnax, 907 F.2d at 1286.

Accordingly, this Court shall determine whether to modify the automatic stay to permit the

state court litigations to proceed, which will likely (1) determine both parties' rights and obligations under the 1986 contract; (2) determine whether under Puerto Rico law there is a valid contract; and, (3) determine the correct parties in owing such obligation under a valid contract, if any.

In applying the Sonnax factors, bankruptcy courts have also lifted the stay on the ground that state courts are the appropriate forum to adjudicate claims involving possible fraud. See e.g., In re Bison Res., Inc., 230 B.R. 611, 613 (Bankr. N.D. Okla. 1999) (state court is the appropriate forum to litigate lease fraud); see also In Burger Boys, 183 B.R. at 684. Accordingly, in this instant case, after applying the Sonnax factors, this Court deems that justice would be best served by having the parties litigate in the pending civil action in the Mayaguez Superior Court. This Court determines that doing so would not only adequately resolve this instant issue in regards to the obligations, if any, at hand but would also advance jurisdictional independence, judicial economy, equitability and the twin goals of the Bankruptcy Code of benefitting both parties. In exercising a fact intensive inquiry similar to the Sonnax analysis with a specific focus on judicial economy and efficiency, this Court reaches the same conclusion of modifying the automatic stay to permit the state action to proceed.

**III. Conclusion**

Upon either party prevailing in state court, there still may be bankruptcy law issues to be decided in front of this Court within this bankruptcy proceeding. However, in light of judicial economy, after a state court finding, this Court strongly encourages parties to stipulate to an agreement for any subsequent issues. Either party is free to move for further relief as necessary if such agreement cannot be reached.

WHEREFORE, Debtor's bankruptcy automatic stay is hereby modified for the sole purpose of continuing the state court proceedings in cases numbered: I AC1993-0336 and I AC1993-0335, in

front of the Puerto Rico Court of First Instance, Superior Court of Mayaguez in order to obtain a final unappealable judgment in favor of one of the parties. The judgment will then be referred back to this Bankruptcy Court for adjudication. The Debtor's Objection to Proof of Claim 20-1 as amended [Dkt. No. 429] is held in abeyance until such time as the state court judgment is obtained.

SO ORDERED

San Juan, Puerto Rico, this 28th day of June, 2013.

Brian K. Tester
U.S. Bankruptcy Judge